UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRON MCGARRAH, | § | |
| Plaintiffff, | § | |
| | § | |
| v. | § | 3:14-CV-2088-B-BK |
| | § | |
| MILTON KIMBROW et al., | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Plaintiff objects "to all of the . . . court's findings, conclusions and recommendations." [Doc. 15 at 1]. Yet he fails to identify any specific reason for his objection. In addition, while he requests to amend the complaint to raise a new claim -- a first amendment claim of denial of access to the law library while he was confined at the Johnson County Jail - his motion is not accompanied by a proposed amended complaint. *See* Local Rule 15.1 (requiring that a motion for leave to file an amended pleading be accompanied by the proposed amended pleading).

Nevertheless, Plaintiff's motion to amend should be denied as futile. Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

In the instant motion/objection, Plaintiff fails to raise a cognizable claim of denial of access to the Court. He merely asserts that "Defendants never allowed [him] access to the Court by and through a law library while filing this complaint." [Doc. 15 at 1]. However, Plaintiff successfully prepared and mailed to the Court a complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Johnson County Jail. While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-823(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (*quoting Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Here, Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement. In addition, he does not allege that his position as a litigant was prejudiced in any way during his pre-trial detention. *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

Accordingly, Plaintiff's objections are overruled, his motion to amend is **DENIED** as futile, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[1]

IT IS THEREFORE ORDERED that this action is summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

---

[1] As Plaintiff correctly notes, any reference on page 10 of the Recommendation to the Ellis County Jail (see discussion of retaliatory-transfer claim) was a clerical error and "Johnson County Jail" is substituted for "Ellis County Jail."

The Court **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this finding, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[2] In the event of an appeal, Plaintiff/Petitioner may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 6th day of January, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.